# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES A. ROZELL,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:11-0914 |
| v. | : | (CAPUTO, D.J.)<br>(MANNION, M.J.) |
| **SUSQUEHANNA COUNTY PROBATION DEPT., ET AL.,** | : | |
| Defendants | : | |
| | : | |

## REPORT AND RECOMMENDATION[1]

Presently before the court are two motions to dismiss the plaintiff's complaint, filed separately by Defendant Susquehanna County Probation Department (Doc. No. 9) and Defendants Pennsylvania State Police and Glen Whitney. (Doc. No. 17). The Susquehanna County Probation Department and Pennsylvania State Police are immune from suit under the Eleventh Amendment. Therefore, the court recommends that the motion to dismiss filed by Defendant Susquehanna County Probation Department be **GRANTED** and that the motion to dismiss filed by Defendants Pennsylvania State Police and Glen Whitney be **GRANTED** as to the Pennsylvania State Police. As plaintiff's claims against Defendant Whitney are barred by the statute of limitations, the

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

court also recommends that the motion to dismiss filed by Defendants Pennsylvania State Police and Glen Whitney be **GRANTED** as to Defendant Whitney.

I.   **BACKGROUND**

Plaintiff alleges a string of false and harassing charges were filed against him over the course of nearly fifteen years. (Doc. No. 1). The plaintiff's interactions with law enforcement began when he was convicted of reckless endangerment for speeding through an intersection in 1994. (Doc. No. 1 at 3). He was sentenced to probation and during this probationary period, Susquehanna County Probation Officers Gulbin and Smith conducted a search of the plaintiffs property. (Id.). The plaintiff was subsequently arrested by State Trooper Walsh for possession of a prohibited offensive weapon. (Id.). The plaintiff was eventually found not guilty of the offense. (Id. at 4).

On June 25, 2002, the plaintiff was cited, by Trooper Winters, for public drunkenness and disorderly conduct in the parking lot of the Gibson State Police Barracks. (Id.).  The plaintiff was found guilty of disorderly conduct, but not guilty of public drunkenness by a local magistrate. (Id.). The disorderly conduct conviction was reversed on appeal. (Id.).

On July 7, 2007, the plaintiff alleges that a Montrose Borough Police

Officer brandished a firearm in the direction of the plaintiff during a traffic stop. (Id. at 5). The plaintiff claims that he was scared for his life and therefore proceeded to drive away from the officer. (Id.). Plaintiff was charged with eleven misdemeanor and summary offenses related to his flight from the traffic stop. (Id.). The plaintiff was sentenced to probation as part of a plea agreement. (Id. at 5-6).

In December 2007, the plaintiff received a notice to appear on charges related to his failure to inform the court of his 1994 offense during plea agreement discussions for the July 2007 offenses. (Id.). On January 18, 2008, the plaintiff's probation was revoked, for allegedly unrelated reasons. (Id. at 7). According to plaintiff, District Attorney Legg cited the plaintiff's attempt to visit his girlfriend, who was also on probation at the time, and allegations that the plaintiff harassed, threatened and "used gun play" toward the plaintiff's uncle's friend, Wayne Sands, Jr., as the reasons for revocation. (Id). The plaintiff claims that he never visited his girlfriend and that the allegations by Sands were made in retaliation for a complaint the plaintiff had filed against Sands for unlawful taking of wildlife. (Id. at 7-8). Also, on December 12, 2007, Susquehanna County Probation officers performed a search of the plaintiff's property during which they found and confiscated a firearm registered to the

3

plaintiff. (Id. at 8). On June 18, 2008, the plaintiff plead guilty to two of the eleven July 2007 charges and received a fine of $400 and twelve months of probation. (Id. at 8).

On January 28, 2008, the plaintiff "became a property owner of the ground" of his deceased father's property. (Id. at 8). The plaintiff had resided in the home of his deceased father, a property containing two active stone quarries, since March 2007. (Id. at 5-6, 9). On about June 15, 2008, the plaintiff verbally told the quarry operators, Robert and Jacky Thomas, that they needed a lease to be on the property. (Id. at 9). According to the plaintiff, a Department of Environmental Protection inspection of the quarry found unauthorized mining. (Id.). The plaintiff subsequently filed a report of theft and vandalism of his property, related to the unauthorized mining, with Trooper Kozloski. (Id. at 9-10).

On February 14, 2009, the plaintiff followed a truck he saw on a private road on his property in order to record the licenses plate number. (Id. at 10). The following day, probation officer Gulbin filed charges against the plaintiff, based on the statements of Joan Kamansky, the driver of the truck, who claimed the plaintiff was harassing her. (Id.). On March 2, 2009, a judge ordered that the probation violation be withdrawn. (Id.).

On March 30, 2009, the Pennsylvania State Police and Susquehanna County Probation officers conducted a search of the plaintiffs home. (Id. at 11). The plaintiff claims Officer Gulbin pushed him on to a couch during this search. (Id.).

On April 6, 2009, Judy Thomas filed a report with State Trooper Whitney claiming that the plaintiff had smashed their mailbox. (Id. at Exhibit R).

On April 21, 2009, James Hanjaras, a quarry worker on the property, filed a complaint with Trooper Whitney claiming harassment by the plaintiff. (Id. at 12). Mr. Hanjaras claimed that plaintiff told him he was "going to get his sorry ass." (Id. at Exhibit S).

As a result of Ms. Thomas's and Mr. Hanjaras's claims, the plaintiff was detained for violating his probation. At some point during his incarceration, Probation Officer Gulbin informed him of additional charges against him.[2] (Id. at 13). On May 11, 2009, the plaintiff was acquitted of the charge of smashing the Thomas's mailbox and found guilty of harassing Mr. Hanjaras. According to the plaintiff, an additional charge related to the harassment claims of Joan Kamansky, was filed shortly after May 11, 2009. (Id.). The plaintiff claims that

---

[2] The plaintiff's complaint is unclear as to the specific charges brought against him.

Officer Gulbin, knew Ms. Kamansky's allegations to be untrue, but filed the charge anyway. (Id.). On May 14, 2011, Judge Kenneth Seamans dismissed all the pending charges against the plaintiff with the exception of the charge of harassing Mr. Hanjaras, finding the plaintiff guilty. (Id.). The plaintiff was, however, found not guilty of the charge of harassing Mr. Hanjaras on appeal. (Id. at 15-16).

On or about October 1, 2009, the plaintiff claims he was pulled over for no reason and harassed by Trooper Kozloski. (Id. at 16).

The plaintiff filed his complaint pursuant to 42 U.S.C. §1983. (Id. at 17). The plaintiff alleges misconduct, harassment, false imprisonment, unlawful arrest, and false charges. (Id.). He claims injuries of emotional distress, loss of reputation, lost wages and legal fees. (Id.). In addition, he asks for one million dollars "from the parties who are deemed responsible," though does not specify whether this amount is claimed as compensatory or punitive damages. (Id.).

### III.    PROCEDURAL HISTORY

On May 13, 2011, the plaintiff filed his complaint. (Doc. No. 1). On September 23, 2011, Defendant Susquehanna County Probation filed its motion to dismiss (Doc. No. 9) and brief in support (Doc. No. 10). On October

13, 2011, the plaintiff filed a brief in opposition. (Doc. No. 15). On October 18, 2011, Defendants Pennsylvania State Police and Trooper Glen Whitney filed a motion to dismiss. (Doc. No. 17). The defendants filed a brief in support on November 1, 2011. (Doc. No. 19). The plaintiff filed a brief in opposition on November 4, 2011. (Doc. No. 20). The defendant filed a reply on November 21, 2011. (Doc. No. 22).

## IV.   STANDARD OF REVIEW

Each of the defendants seeks dismissal pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s]

to raise a reasonable expectation that discovery will reveal evidence of "necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to

dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## V. DISCUSSION

**A. Defendants Susquehanna County Probation Department and Pennsylvania State Police**

Federal courts can not consider suits by private parties against states and their agencies unless the state has consented to the filing of such a suit. *See Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241 (1985); *Chittister v. Dep't. of Community & Economic Dev.*, 226 F.3d 223, 226 (3d Cir.2000). This immunity extends to suits asserting civil rights violations where the state is named as a defendant. *Laskaris v. Thornburgh*, 661 F.2d 23, 26 (3d Cir.1981). Eleventh Amendment immunity also extends to individual state employees sued in their official capacities. *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010). In addition, "Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity." *Haybarger v. Lawrence County Adult Probation and Parole*, 551 F.3d 193, 198 (3d Cir.2008) . The Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment, in fact, "[b]y statute Pennsylvania has specifically withheld consent [to be sued]," in such matters. *Laskaris*, 661 F.2d at 25 (citing Pa. Cons.Stat. Ann. 8521(b)).

9

Additionally, §1983 does not abrogate the Eleventh Amendment. See *Quern v. Jordan*, 440 U.S. 332, 345 (1979).

Further, an essential element of any claim under §1983 is that the alleged wrongdoing was committed by a "person." 42 U.S.C. §1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under §1983." *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989).

As the Susquehanna County Probation Department and the Pennsylvania State Police are both considered arms of the Commonwealth of Pennsylvania and Pennsylvania has not consented to suit, these defendants are immune from suit under the Eleventh Amendment. Moreover, neither defendant is a person as required under §1983. As such, the court recommends that the motion to dismiss filed by Defendant Susquehanna County Probation Department be granted and that the motion to dismiss filed by Defendants Pennsylvania State Police and Glen Whitney be granted as to the Pennsylvania State Police.

**B. Defendant Trooper Glen Whitney**

Defendant Whitney argues that the plaintiff's claims against him are barred by the statute of limitations. The court agrees. §1983 cases are governed by the statute of limitations governing personal injuries in the state

in which the action is brought. *See Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003)(citing *Owens v. Okure*, 488 U.S. 235, 249-50, 109 S.Ct. 573, 581-82 (1989); *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir.1998)). In Pennsylvania, the statute of limitations on bringing a personal injury cause of action is two years. 42 Pa. Cons. Stat. Ann. § 5524(7); *Garvin*, 354 F.3d at 220. "Under federal law, a cause of action accrues, and the statute of limitations begins to run, 'when the plaintiff knew or should have known of the injury upon which its action is based.'" *Kach v. Hose*, 589 F.3d 626 (3d Cir. 2009)(quoting *Sameric Corp.*, 142 F.3d at 599). Moreover, in false imprisonment cases, the statute of limitations begins to run "once the victim becomes held pursuant to such process-when, for example, he is bound over by a magistrate or arraigned on charges." *Heilman v. T.W. Ponessa and Associates*, 2008 WL 275731, *4-5 (M.D.Pa. Jan 30, 2008)(citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). Further, the Supreme Court drew analogy between the related torts of false arrest and false imprisonment finding that "false arrest and false imprisonment overlap; the former is a species of the latter." *Wallace*, 549 U.S. at 388.

Here, the claims against Defendant Whitney arise from his involvement with the criminal complaints of Defendant Judy Thomas and Defendant James

11

Hanjaras. (Doc. No. 1 at 12). Though the plaintiff does not specifically allege a theory of Fourth Amendment violation against Defendant Whitney, the type of involvement the plaintiff alleges could only survive on theories of false arrest and/or false imprisonment. Defendant Whitney filed these complaints on April 6, 2009 (Doc. No. 1, Exhibit R) and April 21, 2009 (Doc. No. 1, Exhibit II S), respectively. The plaintiff was subsequently arrested on these charges on April 21, 2009. (Doc. No. 1 at 12-13). Though the record is unclear as to when a preliminary hearing was held, the record does demonstrate that the plaintiff was tried on May 11, 2009. The plaintiff filed his complaint on May 13, 2009. Therefore, even using the date of the trial, which would come after a decision to hold over the charges for trial, the instant complaint was filed outside the two-year statute of limitations. As such, the court recommends that, with regard to Defendant Whitney, the motion to dismiss of Defendants Pennsylvania State Police and Glen Whitney be granted.

On the basis of the foregoing, **IT IS RECOMMENDED THAT**,

>  (1) The motion to dismiss filed by Defendant Susquehanna County Probation Department, (Doc. No. 9), be **GRANTED**;
>
>  (2) The motion to dismiss filed by Defendants Pennsylvania State Police

and Glen Whitney, (Doc. No. 17), be **GRANTED**;

                                  s/ *Malachy E. Mannion*
                                  **MALACHY E. MANNION**
                                  **United States Magistrate Judge**

**Dated:** July 2, 2012
O:\shared\REPORTS\2011 Reports\11-0914-01.wpd