**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES A. ROZELL,<br><br>Plaintiff,<br><br>v.<br><br>SUSQUEHANNA COUNTY PROBATION DEPARTMENT, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:11-CV-0914<br><br>(JUDGE CAPUTO)<br><br>(MAGISTRATE JUDGE MANNION) |

## MEMORANDUM

Presently before the Court are the Magistrate Judge's[1] Report and Recommendation ("R&R") (Doc. 43) and Plaintiff James Rozell's objections (Doc. 44). The Magistrate Judge recommends that the motions to dismiss filed by Defendant Susquehanna County Probation Department (Doc. 9) and Defendants Pennsylvania State Police and State Trooper Glen Whitney (Doc. 19) be granted because the Susquehanna County Probation Department and the Pennsylvania State Police are immune from suit under the Eleventh Amendment and Mr. Rozell's claims against Trooper Whitney are barred by the statute of limitations. For the reasons cited by the Magistrate Judge, the R&R will be adopted.

## BACKGROUND

On May 13, 2011, Plaintiff James Rozell filed a complaint pursuant to 42 U.S.C. § 1983 against the Susquehanna County Probation Department, the Pennsylvania State Police, and State Trooper Glen Whitney, among others, alleging misconduct, harassment, false imprisonment, unlawful arrest, and false charges. (Doc. 1 at ¶¶ 85–86.) In addition to claiming emotional distress, loss of reputation, lost wages, and legal fees, Mr. Rozell requests $1 million "from the parties who are deemed responsible by the Court." (*Id.* at ¶¶ 88, 90.) On September 23, 2011, Defendant Susquehanna County Probation Department

---

[1] The caption reflects Judge Mannion's office as a Magistrate Judge when he issued the Report and Recommendation here under review. He has since become a United States District Judge.

filed a motion to dismiss. (Doc. 9.) Defendants Pennsylvania State Police and Trooper Whitney filed a motion to dismiss on October 18, 2011. (Doc. 17.)

On July 2, 2012, the Magistrate Judge filed the instant R&R (Doc. 43) recommending that the motions to dismiss be granted. Mr. Rozell filed an objection to the R&R on July 17, 2012. (Doc. 44.) Thus, the R&R is ripe for disposition.

## DISCUSSION

**I. Legal Standard for Reviewing a Report and Recommendation**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998). As such, the Court reviews the portions of the R & R to which the petitioner objects *de novo*. The remainder of the R&R is reviewed for clear error.

**II. Analysis**

**A. Susquehanna County Probation Department**

The Magistrate Judge correctly determined that Mr. Rozell cannot assert a § 1983 claim against the Susquehanna County Probation Department because it is immune from suit under the Eleventh Amendment. The Supreme Court has interpreted the Eleventh

2

Amendment as precluding suits by citizens against a state government. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *see also* U.S. CONST. amend. XI. The Eleventh Amendment also bars suits against state entities, and the United States Court of Appeals for the Third Circuit has specified that "Pennsylvania's judicial districts, *including their probation and parole departments*, are entitled to Eleventh Amendment immunity." *Haybarger v. Lawrenct Cnty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008) (emphasis added). Therefore, Mr. Rozell cannot bring suit against the Susquehanna County Probation Department.

### B. Pennsylvania State Police

Mr. Rozell also cannot assert a § 1983 claim against the Pennsylvania State Police because it, too, is immune from suit under the Eleventh Amendment. The Supreme Court has held that the Eleventh Amendment's bar "extends to suits against departments or agencies of the state having no existence apart from the state." *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); *accord Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has held that the Eleventh Amendment bars claims for damages against the Pennsylvania State Police, a state agency that has not waived its sovereign immunity. *Atkin v. Johnson*, 432 F. App'x 47, 48 (3d Cir. 2011). Therefore, Mr. Rozell cannot bring suit against the Pennsylvania State Police.

### C. Glen Whitney

Finally, Mr. Rozell's claims against Trooper Whitney are barred by the statute of limitations. Claims brought pursuant to § 1983 are subject to the state statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985). The statute of limitations for a personal injury action in Pennsylvania, including false arrest and false imprisonment, is two years. *See* 42 PA. CONS. STAT. § 5524(1). "Under federal law, a cause of action accrues, and the statute of limitations begins to run, 'when the plaintiff knew or should have known of the injury upon which its actions is based.'" *Kach v. Hose*, 589 F.3d 626, 634 (quoting *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d

3

Cir. 1998)). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). "False arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388.

Here, Mr. Rozell's claims against Trooper Whitney stem from his involvement with the criminal complaints of Defendant Judy Thomas and Defendant James Hanjaras against Mr. Rozell. (Doc. 1 at ¶¶ 61–65, 85–86; Doc. 1, Ex. R; Doc. 1, Ex. II S.) Trooper Whitney gave him citations pursuant to Thomas' criminal mischief complaint and Hanjaras' harassment complaint on April 6, 2009 (Doc. 1, Ex. R) and April 21, 2009 (Doc. 1, Ex. II S), respectively. Mr. Rozell was arrested on these charges on April 21, 2009 and tried on May 11, 2009. (Doc. 1 at ¶¶ 67, 70–71.) He filed his complaint in this matter on May 13, 2011. (Doc. 1.) The applicable two-year statute of limitations for a § 1983 claim seeking damages for false arrest and false imprisonment in violation of the Fourth Amendment began to run on April 21, 2009, when Mr. Rozell was detained. Given that his complaint was filed more than two years later on May 13, 2011, his claims against Trooper Whitney are time-barred and must be dismissed.

## **CONCLUSION**

For the reasons stated above, the Magistrate Judge's R&R will be adopted. Mr. Rozell's claims against the Susquehanna County Probation Department, the Pennsylvania State Police, and State Trooper Glen Whitney will be dismissed.

An appropriate order follows.

| | |
|---|---|
| January 15, 2013 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

4