# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES A. ROZELL,

    Plaintiff,

v.

JAMES HANJARAS, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:11-CV-914

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court are a Motion for Extension of Time (Doc. 54) and objections to the Court's Memorandum and Order of January 15, 2013 (Doc. 57) filed by Plaintiff James Rozell.[1] These filings will be construed as a Motion for Reconsideration, which will be denied because Mr. Rozell has not presented an intervening change in controlling law, any previously unavailable evidence, or demonstrated a clear error of fact or law in the Court's dismissal of his claims against Defendants Susquehanna County Probation Department, the Pennsylvania State Police, and State Trooper Glen Whitney.

## BACKGROUND

On May 13, 2011, Plaintiff James Rozell filed a complaint pursuant to 42 U.S.C. § 1983 against the Susquehanna County Probation Department, the Pennsylvania State Police, and State Trooper Glen Whitney, among others, alleging misconduct, harassment, false imprisonment, unlawful arrest, and false charges. (Doc. 1 at ¶¶ 85–86.) In addition to claiming emotional distress, loss of reputation, lost wages, and legal fees, he requests $1 million "from the parties who are deemed responsible by the Court." (*Id.* at ¶¶ 88, 90.)

---

[1] Although Mr. Rozell has also filed a Motion for Summary Judgment (Doc. 50) that is pending before the Court, Magistrate Judge Susan E. Schwab issued a Report & Recommendation ("R & R") on April 22, 2013 recommending that the motion be denied (Doc. 59). Objections to this R & R are due by May 9, 2013.

On September 23, 2011, Defendant Susquehanna County Probation Department filed a motion to dismiss.  (Doc. 9.)  Defendants Pennsylvania State Police and Trooper Whitney also filed a motion to dismiss on October 18, 2011.  (Doc. 17.)  On July 2, 2012, Magistrate Judge Malachy E. Mannion[2] filed a R & R recommending that the motions to dismiss be granted on the grounds that the Susquehanna County Probation Department and Pennsylvania State Police are immune from suit under the Eleventh Amendment and Mr. Rozell's claims against Trooper Whitney are barred by the two-year statute of limitations for § 1983 actions.  (Doc. 43.)  Mr. Rozell filed an objection to the R & R on July 17, 2012.  (Doc. 44.)  In a Memorandum and Order dated January 15, 2013, the Court adopted the R & R.  (Doc. 52.)  On January 23, 2013, Mr. Rozell filed a Motion for Extension, in which he stated that he had been ill for several weeks and requested an additional twenty days to object to the Court's January 15, 2013 Memorandum and Order. (Doc. 54.)  He then filed objections on February 26, 2013.  (Doc. 57.)  The Court will construe Mr. Rozell's motion as a Motion for Reconsideration, which is now ripe for disposition.

## DISCUSSION

**A. Legal Standard**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry.  Fed. R. Civ. P. 59(e).  Alternatively, when the reconsideration motion is not to amend or alter the judgment pursuant to Rule 59, Middle District of Pennsylvania Local Rule 7.10 allows a party to seek reconsideration within fourteen (14) days of entry of an order.  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906,

---

[2] Since filing the R & R at issue in this case, he has since become a United States District Judge.

2

909 (3d Cir.1985) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 05 1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

**B. Motion for Reconsideration (Doc. 54)**

In his Motion for Reconsideration, Mr. Rozell challenges the Court's finding that the Susquehanna County Probation Department and Pennsylvania State Police are immune from suit under the Eleventh Amendment. He also disputes that his false imprisonment claims against Trooper Whitney are time-barred by Pennsylvania's two-year statute of limitations for false arrest and false imprisonment claims.

The Court finds these arguments to be unavailing and nothing more than an attempt by Mr. Rozell to relitigate his disagreement with the Court's January 15, 2013 Memorandum and Order. It is well-settled that county probation departments, such as the Susquehanna County Probation Department, are immune from suit under the Eleventh Amendment. *See Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008). It is

3

also well-settled that the Eleventh Amendment bars claims for damages against the Pennsylvania State Police, a state agency that has not waived its sovereign immunity. *See Atkin v. Johnson*, 432 F. App'x 47, 48 (3d Cir. 2011). Finally, because Mr. Rozell brought false imprisonment claims against Trooper Whitney on May 13, 2011, more than two years after he was arrested and tried on charges stemming from citations given to him by Trooper Whitney, these claims are barred by the applicable two-year statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007) ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest . . . where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."); *see id.* at 388 ("False arrest and false imprisonment overlap; the former is a species of the latter."); *see also Garvin v. City of Phila.*, 354 F.3d 215, 220 ("Claims . . . brought under section 1983 are subject to state statutes of limitations . . . ."); 42 PA. CONS. STAT. § 5524(1) (stating that an action for false arrest or false imprisonment must be brought within two years). As Mr. Rozell has not demonstrated an intervening change in controlling law, the availability of newly-discovered evidence, or the need to correct a clear legal or factual error or to prevent manifest injustice, his Motion for Reconsideration (Doc. 54) will be denied.

## **CONCLUSION**

Because Mr. Rozell has failed to demonstrate an intervening change in controlling law, the availability of newly-discovered evidence, or the need to correct a clear error of law or fact or to prevent manifest injustice, his Motion for Reconsideration (Doc. 54) will be denied.

An appropriate order follows.

| | |
|---|---|
| May 9, 2013 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |